CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 21 2013

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IMAN BLACKWELL, <br><br>　　Plaintiff, <br><br>v. <br><br>ABERCROMBIE & FITCH STORES, INC. <br><br>　　Defendant. | Civil Action No. 7:13-CV-331 <br><br>**MEMORANDUM OPINION** <br><br>By:　Samuel G. Wilson <br>　　　United States District Judge |

Under long-standing precedent recently reaffirmed by the Supreme Court of Virginia, a business owner ordinarily owes a duty to its invitees to warn and protect against third party criminal acts only when there is an imminent probability of harm. This is a diversity action for negligence pursuant to 28 U.S.C. § 1332 by plaintiff, Iman Blackwell, against Abercrombie & Fitch Stores, Inc. ("Abercrombie") for injuries she sustained as a result of an assault by a third party that occurred in an Abercrombie dressing room. Abercrombie has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), maintaining Blackwell has not alleged sufficient facts to show that Abercrombie employees failed to act in the face of a known imminent probability of an assault. The court agrees and, accordingly, will dismiss because Blackwell has failed to plead facts showing she is entitled to relief.

I.

Blackwell alleges the following facts. While a customer in Abercrombie's store, Blackwell chose some items and then went to use a dressing room which had a broken door lock. Abercrombie did not have staff attending the dressing room area; had large clothing displays, photographs, racks, artificial plants, and other items blocking the area's visibility; and had the

area poorly lit with dark, dim lighting akin to a nightclub. All the while, Abercrombie played loud, thumping music, which made it difficult to communicate in case of an emergency.

Ryan Sink entered the store. Abercrombie employees saw Sink, and he appeared intoxicated. According to Blackwell, the employees feared for the safety of the store patrons, but took no action. Soon, Sink forcibly entered Blackwell's dressing room and sexually assaulted her.

## II.

According to Abercrombie, Blackwell's complaint fails to show that its employees knew of an imminent threat of harm, a prerequisite to its liability for the criminal assault by a third party. The court agrees and grants its motion to dismiss, but gives Blackwell leave to amend if she is able to cure the deficiencies of her complaint.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. Under Rule (8)(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive review, the claimant's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiffs must offer enough facts "to nudge[ ] their claims across the line from conceivable to plausible," Twombly, 550 U.S. at 570, and from which the court, calling upon "its judicial experience and common sense," can conclude that the pleader has "shown" that he is entitled to relief. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 679. When considering a Rule 12(b)(6)

motion, the court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Under Virginia law, "[a]s a general rule, a person does not have a duty to warn or protect another from the criminal acts of a third person." Commonwealth v. Peterson, No. 121717, 2013 WL 5833262, at *4 (Va. Oct. 31, 2013) (citing Thompson v. Skate America, Inc., 261 Va. 121, 128-29 (2001)). Narrow exceptions do exist. See Yuzefovsky v. St. John's Wood Apts., 261 Va. 97, 106 (2001). But "[b]efore an exception comes into play, the facts must establish the existence of a special relationship." Peterson, 2013 WL 5833262 at *4. For business owners/invitees, like those here, the Supreme Court of Virginia recognizes a special relationship, but "impose[s] a duty to warn of third party criminal acts only where there [is] 'an imminent probability of injury' from a third party criminal act." Id. at *5 (citing Yuzefovsky, 261 Va. at 109) (footnote omitted). "Imminent probability of harm" is "the heightened degree of foreseeability that arises where the defendant 'knows that criminal assaults against persons are occurring, or are about to occur, on the premises,' based upon 'notice of a specific danger just prior to the assault.'" Id. at *5 (citations omitted).

Here, with the above precepts in mind, the court finds that Blackwell has pled a traditionally recognized special relationship with Abercrombie (a business owner/invitee relationship governed by the "imminent probability of injury" standard,[1] Yuzefovsky, 261 Va. at 106), but that she has not pled facts showing that she can satisfy that standard. She alleges no facts showing that an Abercrombie employee had knowledge that a criminal assault was occurring or was about to occur. What she has alleged is that a man who appeared intoxicated

---

[1] Although some special relationships require only known or reasonably foreseeable harm, no such special relationship exists here. See Peterson, 2013 WL 5833262 at *5 (discussing special relationships such as common carrier/passenger, innkeeper/guest, and employer/employee).

3

entered the store, and for some as yet unstated reason caused concern for the safety of Abercrombie's patrons. It should not be onerous to articulate facts (her yet unstated reasons), beyond mere intoxication, that suggest knowledge of some likelihood of an imminent assault.[2] But without those facts she has failed to show that she is entitled to relief.

III.

For the reasons stated, the court will grant Abercrombie's motion to dismiss and grant Blackwell leave to file an amended complaint within 21 days to set forth a specific factual basis to support her general allegations as to an imminent probability of harm.

**ENTER:** November 21, 2013.

UNITED STATES DISTRICT JUDGE

---

[2] For instance, there are no allegations that an Abercrombie employee saw Sink brandish a weapon; act physically aggressive; make intimidating or threatening remarks; or enter the dressing room area with no apparent legitimate purpose.

4